UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
Western Division

| | | |
|---|---|---|
| UNITED STUDENT AID FUNDS, INC. | ) | CASE NO. CV 08-03120 R (FFMx) |
| | ) | |
| Plaintiff, | ) | JUDGMENT IN A |
| | ) | CIVIL CASE |
| v. | ) | |
| | ) | |
| IDEAL HEALTH CARE PR, | ) | |
| VICTOR AHAIWE AND DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

This action was tried by Judge Manuel L. Real without a jury, and the following decision was reached:

Plaintiff UNITED STUDENT AID FUNDS, INC. ("USA Funds") filed this action in order to compel Defendant IDEAL HEALTH CARE PR to comply with administrative wage garnishment orders issued pursuant to the Higher Education Act of 1965, regarding its' employee Christina E. Ines ("Ines") who has defaulted on one or more federally guaranteed student loans. As of July 21, 2008, the principle due was $15,623.11, plus unpaid interest of $1,214.40 and collection costs of $3,456.63, for a total of $20,294.14.  Interest and other contractual charges continue to accrue at the rate of $3.52 per day.  See enclosed Declaration of MARY KAY MAUER.

USA FUNDS filed its complaint against Defendant on or about May 13, 2008. (Docket No. 1).  An amended complaint, adding the principal of the company as an alter ego, VICTOR AHAIWE, was filed on June 24, 2008.  (Docket No. 7).  Both the company and

principal were served with the summons and complaint pursuant to Fed.R.Civ.P. 4 on June 29, 2008.  (Docket Nos. 9-10).  A response was therefore due on or before July 19, 2008. No response having been received, upon request the Clerk of the Court entered a Default against both Defendants on August 5, 2008. (Docket No. 14)   After Plaintiff filed a motion and Defendants failed to respond, on November 3, 2008, the Court granted USAF's Motion and entered a default judgment.  Defendants did not respond or otherwise appear at the hearing.  (Docket No. 21)

On May 18, 2009, this matter came before the Court on plaintiff United Student Aid Funds, Inc.'s ("USA Funds") post-default Motion seeking various forms of relief. On August 14, 2009 the Court entered an Order as follows .  (Docket No. 28):

a.   First, the Court found and declared that the amount Ines owes to USA FUNDS as of July 21, 2008, is $20,294.14, calculated as follows: principal - $15,623.11, unpaid interest - $1,214.40, and collection costs - $3,456.63, plus interest on that sum of $20,294.14 at a per diem rate of $3.52 thereafter.

b.   Second, recognizing that USA FUNDS' complaint sought recovery of 15% of the disposable pay payable by Defendants to Ines since October 30, 2007, together with reasonable attorneys' fees and punitive damages, and acknowledging that in order to determine the amount of compensation subject to USA FUNDS' garnishment during the pertinent time period, the Court agreed it was necessary to order Defendants to produce their payroll and other records reflecting any consideration paid to Ines since October 30, 2007. The Court Defendants must do so within 14 days of the date of entry of this order.

c.   Once these records were obtained and the fees calculated, the Court directed that Defendants shall pay to USA FUNDS an amount equal to 15% of the disposable pay paid or payable to Ines since October 30, 2007, until the sooner of her last date of employment or the date of entry of this Court's order, up to the total amount of her liability to USA FUNDS, and if this amount was not sufficient to pay USA FUNDS in full, Defendants shall remit on account of

USA FUNDS' garnishment 15% of the disposable pay payable by Defendants to Ines from the sooner of her last date of employment or the date of entry of this Court's order, up to the total amount of Ines' liability to USA FUNDS, less any credits applicable, until Ines' obligation to USA FUNDS is paid in full.

    d.    USA Funds shall recover costs from Defendants in the amount of $1,004.33 and attorneys' fees in the amount of $5,448.00.

Defendants failed to comply.  Thus, on March 15, 2010, the matter came before the Court on for a hearing on the Order to Show Cause ("OSC") issued by the Court on 8/14/09 upon Plaintiff's request.  Defendants failed to respond or appear.

Thus on April 13, 2010, the Court Ordered (Docket No. 38) that:

    a    Plaintiff shall recover an award of punitive damages in the amount of $5,000 against Defendants IDEAL HEALTH CARE and VICTOR AHAIWE, said award to be joint and several;

    b.    Based upon their knowing, willful and deliberate Failure to Comply with a Court Order directing Defendants IDEAL HEALTH CARE and VICTOR AHAIWE to produce financial records relating to the student loan borrower Christina Ines, Defendants shall be jointly and severally liable to Plaintiff for the outstanding balance of Ms. Ines student loan; and

    c.    Pursuant to 20 U.S.C. § 1095(a)(6) Plaintiff may recover any attorneys fees and costs incurred in service of the OSC and the conduct of the hearing itself. Said fees and costs shall be included in a final bill of costs.

Therefore, IT IS ORDERED that Plaintiff shall recover from Plaintiffs as follows:

    a.    Defendants shall be jointly and severally liable to Plaintiff for the outstanding balance of Ms. Ines student loan.

    b.    Defendants IDEAL HEALTH CARE and VICTOR AHAIWE shall pay to Plaintiff punitive damages in the amount of $5,000, said award to be joint and several;

    c.    Plaintiff shall recover costs from Defendants in the amount of $1,004.33 and attorneys' fees in the amount of $5,448.00 **plus** additional attorneys fees and

costs incurred in service of the OSC and the conduct of the hearing itself, which are $3,125 and $865.96, respectively.  All such fees and costs shall be included in a bill of costs.  Defendants may challenge the additional costs of $3,125 and $865.96 by way of a motion to tax.

IT IS SO ORDERED.

Dated: June 2, 2010

_____
HON.  MANUEL L. REAL
U. S.  DISTRICT JUDGE

Submitted by:
s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Plaintiff
UNITED STUDENT AID FUNDS, INC.
Email:  krutman@krutmanlaw.com